# EXHIBIT A

AM 7692772.1

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI DADE COUNTY, FLORIDA

BAPTIST HOSPITAL OF MIAMI, INC.
And BAPTIST HOSPITAL OF MIAMI, INC.
a/a/o KP

Case No.:

    Plaintiffs,

v.

EMERALD HEALTHCARE, LLC
and CLAIM DOC, LLC,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Baptist Hospital of Miami, Inc. ("Baptist") and Baptist Hospital of Miami, Inc. a/a/o KP ("Baptist a/a/o KP"), sues Emerald Healthcare, LLC ("Emerald Plan"), and Claim Doc, LLC, ("Claim Doc") and alleges as follows:

### NATURE OF THE ACTION

1. Baptist brings this action to recover proper reimbursement for the medically necessary "emergency services" ("Covered Services") furnished by Baptist to K.P.,[1] covered under Emerald Plan, with Member ID# 015160000 (the "Member").

2. There is no dispute that the "emergency services" Baptist provided are covered under Emerald Plan.

---

[1] Initials have been substituted for the names of patients to protect patient identity, in compliance with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

3. Under Fla. Stat. § 627.64194(4), Emerald Plan is obligated to pay Baptist its billed charges, the usual and customary rate for its services, or the amount mutually agreed to by Baptist and Emerald Plan for the emergency services rendered.

4. Baptist's billed charges are the usual and customary provider charges for similar services in the community where the services were provided. Baptist and Emerald Plan did not agree on a different charge amount.

5. Nevertheless, Emerald Plan underpaid Baptist for the emergency services rendered to the Member, under Claim Doc's instruction, recommendation, and/or advice.

6. Baptist brings this action to recover the amount Baptist is rightfully owed.

7. As such, this is an action over the *rate* of reimbursement, not an action over the *right* to reimbursement.

## PARTIES AND JURISDICTION

8. This Court has jurisdiction over this action because the amount in controversy is more than $50,000.00, exclusive of costs, interest, and attorneys' fees.

9. Baptist is a non-profit corporation organized and existing under the laws of the State of Florida with its principal place of business in Miami-Dade County, Florida. Baptist provides hospital-based, health-care services to residents of South Florida.

10. At all relevant times, the Member assigned to Baptist all medical benefits and insurance reimbursement payable to the Member for the healthcare services Baptist rendered to the Member.[2] The Member further assigned any legal or administrative claim arising under any

---

[2] Baptist will provide a copy of the relevant Assignment of Benefits (AOB) upon the execution of a valid HIPAA Confidentiality Order.

2

employee benefit plan or health insurance plan incurred as a result of the healthcare services rendered by Baptist.

11. Emerald Plan holds itself out as a "Self-Funded Employee Welfare Benefit Plan" providing health care coverage to employees of Emerald Healthcare, which was registered in Fort Lauderdale, Florida. Emerald Plan directly pays healthcare providers, like Baptist, for the covered medical services provided to its members.

12. Claim Doc is a foreign for-profit limited-liability company, registered in Florida, with its principal place of business in Urbandale, Iowa.

13. Claim Doc is a company that receives and unilaterally reprices hospital bills received by self-funded health plans using its reimbursement formula to determine an amount to pay hospitals for such services. Upon receipt, Emerald Plan submitted Baptist's claim for "emergency services" to Claim Doc, who repriced the claim using its own formula resulting in the artificially low reimbursement amount, underpaying Baptist.

14. Defendants are subject to personal jurisdiction in Florida pursuant to Florida Statutes §§ 48.193(1)(a)(1), (2), and (4) for the following reasons:

a. Defendants operate, conduct, engage in, or carry on business in Florida and are engaged in substantial and not isolated activity within Florida;

b. Defendants have committed tortious acts within Florida; and

c. Emerald Plan issued a health insurance policy to the Member, who was located in Florida at the time of contracting.

15. Defendants' substantial and not isolated activities within the state of Florida relate to or give rise to Baptist's causes of action alleged herein and Defendants' contacts with the state of Florida are such that Defendants should reasonably anticipate being haled into court in Florida.

3

16. Venue is proper in Miami-Dade County, Florida under Florida Statute § 47.011 because the cause of action accrued in Miami-Dade County, Florida.

17. All conditions precedent to the filing, maintenance, and prosecution of this action have been satisfied, fulfilled, extinguished, waived, or otherwise excused.

## GENERAL ALLEGATIONS

### A. The "Emergency Services and Care" at Issue

18. October 4, 2022, the Member presented to Baptist's emergency room to treat an "emergency medical condition," as defined in Fla. Stat. § 641.47(7).

19. At that time, the Member provided Baptist with a copy of his insurance card, reflecting Emerald Health as its insurer, and Diversified Administration Corporation as the claim submission contact. The insurance card also contained the Claim Doc, PHCS, and Multiplan logos.

20. At no time did Emerald Plan deny the Member's coverage under the Emerald Plan.

21. From October 4, 2022 through December 9, 2022, Baptist provided the Member medically necessary emergency services and care, as defined by Fla. Stat. §§ 627.64194(1)(a) and 641.47(8), referenced therein.

22. Baptist submitted a claim to the Emerald Plan reflecting its billed charges for the emergency services provided to the Member (the "Claim").

23. Baptist's billed charges were reasonable and consistent with the standard charges of similar providers in the community where the services were rendered.

### B. Emerald Plan's Underpayment of the Claim

24. Baptist is an out-of-network or non-participating provider with Emerald Plan.

25. As such, no agreement exists between Baptist and Emerald Plan whereby Baptist agreed to accept less than its full billed charges as payment for services furnished to Emerald Plan's members.

4

26. Emerald Plan did not deny the Claim; however, in violation of Florida law, Emerald Plan only paid a portion of the Claim in the amount of $512,112.16, leaving an unpaid balance of $1,913,176.84.

27. The amount that Emerald Plan paid to Baptist was based on the repricing formula applied by Claim Doc.

28. Emerald Plan and Claim Doc entered into an agreement under which Emerald Plan would submit claims received from providers, like Baptist, to Claim Doc. Once received, Claim Doc applied its repricing formula for providers' billed charges to calculate amounts less than the providers' billed charges to pay to providers. Upon receipt of Claim Doc's repriced charges and at Claim Doc's direction, Emerald Plan then underpaid providers like Baptist for health care services, including the emergency services claim submitted for treatment of the Member, in violation of Florida Statutes § 627.64194.

### C. Emerald Plan is an Insurer under Florida Law

29. Emerald Plan is health insurance as defined in Fla. Stat. § 627.66997(2) and is not a self-insured health benefit plan because it has transferred more risk to third parties than is permissible under Fla. Stat. § 627.66997(2).

30. The Emerald Plan is an employer with 51 or more covered employees.

31. The Emerald Plan has an aggregate attachment point for stop loss coverage[3] that is lower than the greater of 110% of expected claims or $20,000.

---

[3] "Stop-loss coverage" means an arrangement whereby an insurer insures against the risk that any one claim will exceed a specific dollar amount or that an entire self-insurance plan's loss will exceed a specific amount (*See* Fla. Stat. § 627.6697(2) incorporating former Fla. Stat. § 627.6482(14)).

5

32. Emerald Plan's stop loss coverage exceeds the statutory limits. Accordingly, Emerald Plan is an insurer which must be licensed by the Florida Department of Insurance and bound to comply with the insurance regulations in Chapter 627, Florida Statutes.

33. The Emerald Plan stop loss coverage is provided through a combination of arrangements with third-party insurance companies and Claim Doc, who provide coverage for Emerald Plan's liability of that portion of claims, which exceeds the artificially low reimbursement rate determined by Claim Doc.

## COUNT I
## **VIOLATION OF FLORIDA STATUTES § 627.64194(4)**
(against Emerald Plan)

34. Baptist realleges the facts set out in Paragraphs 1 through 33 as if fully set forth herein.

35. The Emerald Plan is an insurer governed by Chapter 627 of the Florida Statutes.

36. Florida Statutes § 627.64194(4) requires Emerald Plan to reimburse out-of-network providers for "emergency services" as set forth in Florida Statutes § 641.315(5).

37. More specifically, Emerald Plan is required to reimburse Baptist in an amount equal to the lesser of: (i) Baptist's billed charges; (ii) the usual and customary provider charges for similar services in the community where Baptist provided the services; or (iii) the charge mutually agreed to by Emerald Plan and Baptist within 60 days of Baptist's submission of the claim.

38. Baptist is a licensed facility within the meaning of Florida Statutes § 627.64194(1)(b).

39. Baptist provided "emergency services" to the Member, including care and treatment, as well as medical screening, examination, and evaluation to determine the existence of emergency conditions.

40. Emerald Plan and Baptist did not mutually agree to discount the charges for "emergency services" rendered to the Member. The proper rate of reimbursement is therefore the lesser of Baptist's billed charges or the usual and customary provider charges for similar services in the community where Baptist provided the services.

41. Baptist submitted the Claim to Emerald Plan, but Emerald Plan has failed to reimburse Baptist in accordance with Florida Statutes § 627.64194(4).

42. Baptist has suffered damages due to the Emerald Plan's underpayment.

**WHEREFORE**, Baptist prays for judgment to be entered in its favor and against Emerald Plan awarding the following:

(i) Compensatory damages;

(ii) Pre-judgment interest at 12 percent per annum, and post-judgment interest as provided by Florida Statutes § 627.6131(7);

(iii) Taxable costs and expenses; and

(iv) Such other relief as this Court deems equitable, just, and proper.

## COUNT II
## CIVIL CONSPIRACY TO VIOLATE FLA. STAT. § 627.64194
(against Emerald Plan)

43. Baptist realleges the facts set out in Paragraphs 1 through 33 as if fully set forth herein.

44. In furtherance of a calculated scheme to intentionally and unreasonably underpay claims for medical services, Emerald Plan and Claim Doc agreed to use a repricing formula engineered by Claim Doc to produce artificially low reimbursement amounts, in direct violation of Fla. Stat. § 627.64194.

45. Emerald Plan submitted the claim to Claim Doc for repricing using its repricing formula.

46. Claim Doc repriced the claim for approximately one-fifth of Baptist's billed charges.

47. Emerald Plan underpaid the Claim at a rate amounting to only one-fifth of Baptist's billed charges, which is below the usual and customary rate paid in the community for the services Baptist rendered.

48. Emerald Plan violated Fla. Stat. § 627.64194.

49. As a result, Baptist has suffered damages.

**WHEREFORE**, Baptist prays for judgment to be entered in its favor and against Emerald Plan, awarding the following:

(i) The full amount of its compensatory damages;

(ii) Pre-judgment interest at 12 percent per annum, and post-judgment interest as provided by Florida Statutes § 627.6131(7);

(iii) Taxable costs and expenses; and

(iv) Such other relief as this Court deems equitable, just, and proper.

## COUNT III
### CIVIL CONSPIRACY TO VIOLATE FLA. STAT. § 627.64194
(against Claim Doc)

50. Baptist realleges the facts set out in Paragraphs 1 through 33 as if fully set forth herein.

51. Emerald Plan and Claim Doc entered into an agreement to underpay claims for medical services by using the formula Claim Doc created to reprice claims, knowing that the repriced claim amounts violate Fla. Stat. § 627.64194.

8

52. In furtherance of a calculated scheme to intentionally and unreasonably underpay claims for medical services, Emerald Plan and Claim Doc agreed to use a repricing formula engineered by Claim Doc to produce artificially low reimbursement amounts, in direct violation of Fla. Stat. § 627.64194.

53. Claim Doc repriced the claim for approximately one-fifth of Baptist's billed charges.

54. Emerald Plan underpaid the Claim at a rate amounting to only one-fifth of Baptist's billed charges, which is below the usual and customary rate paid in the community for the services Baptist rendered.

55. Claim Doc violated Fla. Stat. § 627.64194.

56. As a result, Baptist has suffered damages.

**WHEREFORE**, Baptist prays for judgment to be entered in its favor and against Claim Doc, awarding the following:

(i) The full amount of its compensatory damages;

(ii) Pre-judgment interest at 12 percent per annum, and post-judgment interest as provided by Florida Statutes § 627.6131(7);

(iii) Taxable costs and expenses; and

(iv) Such other relief as this Court deems equitable, just, and proper.

**COUNT IV**
**Violation of Florida Statutes § 624.401**
(by Baptist a/a/o KP Against Claim Doc)

57. Baptist a/a/o KP realleges and incorporates paragraphs 1 though 33 as if fully set forth herein.

9

58. Florida Statutes § 624.155(2) provides, "Any party may bring a civil action against an unauthorized insurer if such party is damaged by a violation of section 624.401 by the unauthorized insurer."

59. Florida Statutes § 624.401 states, "No person shall act as an insurer, and no insurer or its agents, attorneys, subscribers, or representatives shall directly or indirectly transact insurance in this state, except as authorized by a subsisting certificate of authority issued to the insurer."

60. Claim Doc acted as an insurer, defined by Florida Statutes § 624.03, by transacting in marketing insurance claim adjustment services, handling insurance claims, adjusting insurance claims, and/or paying and denying claims.

61. Claim Doc is not duly authorized to transact insurance in the State of Florida and failed to maintain a certificate of authority to transact insurance in the State of Florida, issued by Florida's Office of Insurance Regulation.

62. Claim Doc violated § 624.401 by engaging in the following activities without the required certificate of authority:

   a. marketing and promoting insurance related services;

   b. adjusting insurance claims, including the claim for Member; and

   c. administering insurance policies, including the policy that covers the claim for the Member.

63. Claim Doc's regular business practices include adjusting claims and routinely engaging in the business of insurance-related services.

64. Claim Doc violated Florida Statutes § 624.401, causing unpaid claim and monetary losses to Baptist a/a/o KP through its unauthorized insurance policies.

10

65. Under Florida law, statutory claims against insurers for wrongful conduct are assignable. Member validly assigned all rights to payment of claims, including their statutory claim against Claim Doc for operating as an unauthorized insurer, to Baptist through their executed Encounter Specific Consent forms. As the assignee of Member, Baptist has standing to bring this claim under Florida Statutes §§ 624.401 and 624.155.

**WHEREFORE**, Baptist a/a/o KP prays for judgment to be entered in its favor and against Claim Doc, awarding the following:

(i) The full amount of its compensatory damages;

(ii) Pre-judgment interest at 12 percent per annum, and post-judgment interest as provided by Florida Statutes § 627.6131(7);

(iii) Attorneys' fees pursuant to Florida Statutes § 624.155;

(iv) Taxable costs and expenses; and

(v) Such other relief as this Court deems equitable, just, and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand trial by jury of all issues so triable.

DATED: July 11, 2025.

Respectfully submitted,

WOLFE | PINCAVAGE
*Counsel for Plaintiffs*
7800 SW 57th Ave., Suite 225
Miami, FL 33133
Office: 786.409.0800

/s/Anna D. Torres
Douglas A. Wolfe
Fla. Bar. No.: 28671
doug@wolfepincavage.com
Anna D. Torres, Esq.
Fla. Bar No.: 074837

11

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

service-1@wolfepincavage.com
Catherine Millas Kaiman
Fla. Bar. No.: 117779
catherine.kaiman@wolfepincavage.com
Jossie Viera, Esq.
Fla. Bar. No.: 121718
Jossie.viera@wolfepincavage.com

12